Reif v. Commercial Cabinet Co., 185 Ill. App. 577.

ELIOT H. EVANS, for plaintiffs in error.

N. A. STERN, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

## Abstract of the Decision.

MUNICIPAL COURT OF CHICAGO, § 19*—*mode of vacating judgments after thirty days from time of entry.* After thirty days from the entry of a judgment in the Municipal Court, the court has no jurisdiction to vacate the judgment and reinstate the cause without a petition and affidavits being filed in support of a motion to vacate the same. Section 21 of the Municipal Court Act, J. & A. ¶ 3333, provides for the only method of giving to the Municipal Court jurisdiction to vacate judgments after thirty days from the entry thereof.

---

## John F. Reif, trading as Vortex Blow Pipe Company, Defendant in Error, v. Commercial Cabinet Company, Plaintiff in Error.

## Gen. No. 19,213. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY M. FISHER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed. Opinion filed March 31, 1914. Rehearing denied April 15, 1914.

## Statement of the Case.

Action by John H. Reif, trading as Vortex Blow Pipe Company, against Commercial Cabinet Company, a corporation, to recover for work and materials furnished to defendant under a written contract. The contract was attached to plaintiff's statement of claim and was written on a letter head of the defendant Company and signed by Louis Kirmse. The defense

---

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

was that the contract was not the contract of the defendant corporation but the individual contract of Kirmse. To reverse a judgment in favor of plaintiff for $342.57, defendant brings error.

MILLER, GORHAM & WALES, for plaintiff in error.

CHARLES R. CASLER, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

## Abstract of the Decision.

1. EVIDENCE, § 360*—*when parol evidence not admissible to show parties bound by contract.* The rule as to the admission of parol evidence of prior conversations relates as well to the introduction of evidence for the purpose of showing who were the parties intended to be bound by a written instrument as to the meaning or intention of the language used in the instrument; and where there is no indication upon the face of the contract that any other persons than those who signed it are intended, the court will not permit extraneous evidence to show that other and different parties were intended to be bound.

2. EVIDENCE, § 355*—*when subsequent acts of party signing contract inadmissible to show who is bound.* Admission in evidence of the subsequent acts of a party who signed the contract in his individual capacity to show the construction placed upon the contract by them as to parties intended to be bound, *held* error.

3. CONTRACTS, § 207*—*when words in contract do not create ambiguity as to persons bound.* Where a person signs a contract on the letter head of a company in his own name, the fact that in writing the contract he used the words "we" and "us" does not create such an ambiguity that evidence of preliminary conversation prior to and contemporaneous with the execution of the contract is inadmissible to show whether the company was the real party to the contract.

4. CONTRACTS, § 393*—*when instruction as to construction of contract erroneous.* In an action against a corporation on a contract, an instruction submitting to the jury the question whether or not the contract was ambiguous and in effect telling the jury that a certain act of the person who signed the contract in his individual capacity was an act of the corporation, *held* erroneous.

5. CONTRACTS, § 187*—*when acts of the parties may be looked*

Kuhlen v. Chicago Athletic Ass'n, 185 Ill. App. 579.

*to, to aid construction.* When a contract is in writing it is for the court to state its meaning, and it is only where there is a doubt as to the proper meaning of the contract arising from the ambiguity of the words or phrases used that the acts of the parties are looked to for aid in construction.

## Fred Kuhlen, Defendant in Error, v. Chicago Athletic Association, Plaintiff in Error.

### Gen. No. 19,226. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN D. TURNBAUGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed March 31, 1914.

### Statement of the Case.

Action by Fred Kuhlen against Chicago Athletic Association, a corporation, to recover sixty-five dollars as wages due the plaintiff from the defendant, and for ten dollars attorneys' fees. The statement of claim alleged that plaintiff was employed from month to month and that he was wrongfully discharged. The defense was that plaintiff was discharged for cause. From a judgment in favor of plaintiff, defendant brings error.

Plaintiff in error urges: That the finding of facts by the court is contrary to the evidence that the court erred in admitting improper evidence on the part of plaintiff and in refusing proper evidence offered by defendant; and that the court erred in refusing to grant a new trial and in entering judgment.

GANN, PEAKS & TOWNLEY, for plaintiff in error.

WILLIAM REEDA, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.